### C. M. McCULLOUGH V. THE STATE.

No. 10993.   Delivered June 8, 1927.

**Adultery—Evidence—Held Insufficient.**

Where appellant was convicted for adultery with one Beatrice Brooks, by living together with said Beatrice Brooks, as charged in the indictment, and the evidence wholly failing to show any living together by the parties, the cause must be reversed and remanded.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ray Scruggs, Judge.

Appeal from a conviction for adultery, penalty a fine of $100. The opinion states the case.

*Warren P. Castle of Houston,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of adultery, and his fine assessed at $100.

There is but one bill of exception in the record, and it complains of the sufficiency of the evidence to sustain the allegations in the indictment.   The indictment charges that on or about the 15th day of November, 1926, the appellant *lived together* with and had carnal intercourse with one Beatrice Brooks, was was lawfully married to another person then living.

Article 499, Vernon's Penal Code, defining adultery, reads as follows:

" 'Aultery' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, when either is lawfully married to some other person."

We have carefully read the statement of facts, and we find no evidence that appellant and Beatrice Brooks *"lived together."* The uncontradicted evidence clearly shows that Beatrice Brooks lived at 215 Jackson Street, and the appellant lived at 2004½ Congress Avenue, in the back part of his tailor shop.   There is nothing in the statement of facts showing that appellant and Beatrice Brooks had intercourse with each other.   To constitute adultery, under the indictment in this case, there must be some sort of living together.   To constitute a *"living together,"* the parties must "dwell or reside together—abide together in the same habitation as a common or joint residing place."   At most, the evidence shows that the parties lived separate and apart, one living at 215 Jackson Street, and the other at 2004½ Congress Avenue.   There was some evidence of intimacy between them, and of frequent meetings, and evidence that tended to show that the appellant and Beatrice Brooks had stayed together a night or two in appellant's room.   This, however, utterly fails to show a living together such as is contemplated under the law and the decisions of this state, which is necessary before a conviction can be had.   It shows that appellant and Beatrice Brooks were seen together on different occasions, both at her home and in appellant's room, under suspicious circumstances.   There is no evidence of a single act of carnal intercourse, except inferentially.

The learned trial judge evidently entered into the field of speculation and surmise and presumed that because the appellant and Beatrice Brooks worked together and were seen together

many times that they indulged in all things denounced by the statute.

Believing that the facts are wholly insufficient to support the judgment of conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.